## Case No. 1,594.

### In re BODENHEIM et al.

[2 N. B. R. 419 (Quarto, 133);[1] 2 Am. Law T. Rep. Bankr. 64; 1 Chi. Leg. News, 195.]

District Court, S. D. Mississippi. April Term, 1869.

##### BANKRUPTCY—DISCHARGE—APPLICATION—TIME OF.

Where debts are proved and there are assets, application for a discharge cannot be filed before the expiration of six months from the issue of the warrant of adjudication.

[In bankruptcy. In the matter of Simon Bodenheim and Jacob Adler. The bankrupts

---

[1] [Reprinted from 2 N. B. R. 419 (Quarto, 133), by permission.]

applied for discharge, which the register refused. Heard on exceptions to the register's ruling. Exceptions overruled.]

Register McKee certified to the court that the following question under the following stated facts arose in this case and is pertinent to the issue, and at the request of Messrs. Adams & Speed, attorneys for bankrupt, is certified to the Hon. District Judge for his decision. On the 8th of April, 1868, Messrs. Bodenheim & Adler filed their petition in bankruptcy; on the 30th of April, they were duly adjudicated bankrupts. On the 22d of September, Jacob Adler applied for his discharge, and the discharge meeting was held on the 20th of October. No opposition to discharge has been filed. On the 15th of October, Simon Bodenheim, the other partner, applied for his discharge, and his discharge meeting was duly held on the 17th day of November, 1868. No opposition was filed. The returns of the assignee show that on the 2d day of September (the day on which Adler applied for discharge), he, as assignee, had received and paid out moneys on account of said estate. Debts had also been proved before this date. The register took the case under advisement, and now, upon the application of bankrupt for a certificate of conformity for discharge, he refuses to issue the same; to which decision the bankrupt excepts; and the question at issue is, whether or not the register should issue said certificate of conformity under the above stated facts.

By GEORGE McKEE, Register:

The register refuses the certificate to the bankrupt Bodenheim because six months had not elapsed from the date of adjudication before he made his application for discharge. The language of the law is, "That at any time after the expiration of six months from the adjudication of bankruptcy, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days * * * the bankrupt may apply for a discharge." The bankrupt has not come under the above exemption, for it appears that debts have been proved, and that the assignee has both received and paid out moneys on account of the estate; the very opposite to what is required in form thirty-five, which said form must be filed whenever application is made within six months.

It is claimed by the attorneys for bankrupt that their position is sustained by the wording of form fifty-one (application for discharge), which states in a note in the body of the form that "If this petition is filed within six months after the filing of the original petition," &c. The register thinks this phraseology—"filing of the original petition"—but a curious error showing the haste in which the forms were compiled. It is in direct contradiction to the law. In the numerous cases reported, bearing upon the twenty-ninth section of the act, the register finds that "six months from the date of adjudication" is always spoken of as the governing rule. In Re Belamy [Case No. 1,266], Blatchford, J., says that if application is made within six months from date of adjudication a discharge will not be granted unless it is proved that there are debts or assets, &c.

See 1 N. B. R. 8, 9;[2] Id. 115, 131 (quarto), [In re Dodge, Case No. 3,947; In re Woolums, Id. 18,034]. In all these cases bearing upon the very question at issue, it appears that not even a doubt has been raised that the law and not the form was to govern.

Upon the application of Adler the register renders the same opinion. There is a difference of dates only in the two applications for discharge, both being made within six months from the date of adjudication. In the application of Adler the argument of counsel defeats itself, for, as the original petition was filed on the 8th of April, and he applied for a discharge on the 22d of September, six months had not elapsed, even from the "date of filing the original petition."

HILL, District Judge. The question in this case is, whether or not the petition for discharge was prematurely filed. The provisions of the law are, that if no debts have been proven or assets received by the assignee within sixty days from and after the adjudication of bankruptcy, the bankrupt may apply for a discharge, provided it is done within one year from the date of adjudication. If there be assets and debts proven, then he may apply within six months from the date of adjudication—not the date of filing the original petition. When the petition for discharge is filed within less than six months from the adjudication, it should be accompanied by a certificate of the assignee that there have been no debts proven or no assets received.

The presumption in practice is, that the warrant under which the first meeting is held, is issued at the time of the adjudication; hence, the different periods of time, whether "sixty days" or "six months," must be computed from the date the warrant issues. Under the rule of this court, made to enable petitions to be filed before the expiration of the time fixed by law—on the 1st of June last—it was provided that the petition might be filed and proceed to adjudication upon the payment of the fees due to the register and clerk, and to and including that service, without the deposit of the other fees; provided, however, that the consequent stop-

[2] [This citation appears also in the report in 2 N. B. R. (Quarto) 133, and must therefore refer to pages 8 and 9, Quarto, vol. 1. The cases there reported are In re Mott, Case No. 9,879, and In re Hughes, Id 6,841. The case reported in 1 N. B. R. (Octavo) 8 and 9, is In re Robinson, Case No. 11,936. The cases reported in N. B. R. Supp. pp. 8 and 9, are In re Devlin, Case No. 3,841, and In re Metzler, Id. 9,512.]

page of the case at that point should not prolong the application for discharge beyond one year from the filing of the petition. This was done in view of the provisions of section twenty-one of the bankrupt act, which enjoins proceedings against the bankrupt until the question of discharge is determined, provided there is no unnecessary delay in making the application. Bankrupts filing petitions under this rule, should complete the deposit and pay the necessary fees so as to have the warrant issued within six months after the filing of the original petition. This statement is made to disabuse the minds of those who believe they can pay the fees within the twelve months.

In the present case the application for discharge having been filed within less than six months from the adjudication, and there being debts proven and assets in the hands of the assignee, it is decided that the filing was premature, and the decision of the register is sustained.